UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SOON PARK,**<br><br>    **Plaintiff,**<br><br>**V.**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>    **Defendant.** | **COMPLAINT** |

## COMPLAINT

COMES NOW Plaintiff, Soon Park, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint for Damages against the Washington Metropolitan Area Transit Authority (WMATA), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count (

2. This Court has personal jurisdiction because Defendant is created and authorized by federal law to do business in the District of Columbia.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed. Exhibit 1.

### II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Virginia.

7. Defendant is an instrumentality created by Congress to operate a mass transit system in the District of Columbia and the surrounding Metropolitan area.

8. Defendant is subject to the requirements of Title VII.

### III. FACTUAL ALLEGATIONS

9. Plaintiff is an Asian-American of Korean descent and worked as a mechanic in the WMATA Power Department ("Department") from 1974 until his retirement in 2002.

10. In 2008, Defendant re-hired Park as a mechanic on part-time retiree status.

11. At all times relevant to this matter, Defendant employed at least four other mechanics on part-time retiree status.

12. Upon information and belief, at least four part-time retirees remain employed with Defendant.

13. Upon information and belief, no part-time retirees retirees employed at the time of Plaintiff's termination shared Plaintiff's national origin.

14. Defendant assigned Plaintiff to the West Falls Church rail station, otherwise referred to as K99.

15. It is common practice within K99 to reuse or repurpose discarded equipment.

16. High voltage cable is not a maintenance stock item for Defendant's Power Department and is not carried with repair crews.

17. In certain situations, short pieces of "used" high voltage cable are used to restore function since the acquisition process for new cable is cumbersome, lengthy, and in quantities not suited for the task.

18. Defendant's employees had previously reused viable high-voltage cable.

19. In late 2016, the open recycle container/dumpster at K99 contained high-voltage cable.

20. On or around October 24, 2016, Park gathered discarded lines of high-voltage cable from Defendant's on-site dumpster for the purpose of reusing the material on projects for Defendant.

21.     Metro Transit Police (MTP) officers approached Park and informed him they received a report of an individual stealing items from the dumpster.

22.     Plaintiff identified himself as a WMATA employee and informed the officers he intended to use the material for WMATA-related projects

23.     MTP officers contacted Theodore Bailey, Regional Power Supervisor at K99, to verify Park had lawful access to the discarded material.

24.     Theodore Bailey is African-American.

25.     Bailey worked with Plaintiff in a non-supervisory capacity prior to Plaintiff's retirement in 2002.

26.     From early 2016 through Plaintiff's termination, Bailey oversaw power department operations at K99.

27.     Prior to Bailey's promotion to K99 Regional Power Supervisor, the essential functions of Plaintiff's part-time retiree position included substantive work that relied on his technical skill and experience as a WMATA mechanic.

28.     After Bailey's promotion, Plaintiff's substantive duties were curtailed and were replaced by administrative (non-technical) tasks.

29.     For instance, Bailey once ordered Plaintiff to clean his car.

30.     Further, Bailey routinely denied Plaintiff's requests for additional materials/supplies or equipment necessary for work assignments or occupational safety without Bailey providing justification.

31.     Plaintiff was made to work alone and without proper protective equipment (e.g. safety blocks for vehicles/trailers).

32. Due to Bailey's routine denials, Plaintiff had to acquire non-standard alternative materials/means to complete work assignments and to maintain his personal safety.

33. Upon information and belief, other part-time retirees continued to be assigned substantive work related to their skill-set and experience with WMATA.

34. Upon information and belief, other part-time retirees continued to have access to additional materials/supplies or equipment that Plaintiff did not.

35. Bailey had knowledge that reusing material was a regular and common practice.

36. Despite Bailey having no information indicating Plaintiff abused this practice for illicit purposes, Bailey advised the responding MTP officers that Park was committing theft.

37. Bailey estimated for the officers that the material was worth approximately $4,800.

38. Upon information and belief, Bailey grossly inflated this figure to misled officers as to the severity of the alleged offense.

39. Upon information and belief, Bailey instructed the officers to charge Plaintiff to the full extent of the law.

40. Acting on information and direction given by Bailey, Plaintiff was arrested.

41. On or about October 25, 2016, Plaintiff was charged in Fairfax County General District Court (Fairfax County) with Grand Larceny.

42. Plaintiff was informed that he would not be allowed to return to work as a part-time retiree until the charges were resolved.

43. On or around June 2017, Fairfax County dismissed all charges against Plaintiff.

44. On June 26, 2017, Plaintiff, through his son, Kyong Park, contacted WMATA to schedule his return to work.

45. On July 5, 2017, Defendant informed Plaintiff via email that he had been terminated following his arrest.

46. At no point prior to the July 5th notification was Plaintiff made aware of his termination.

## CLAIMS FOR RELIEF

## COUNT I

## TITLE VII DISCRIMINATION: NATIONAL ORIGIN

47. Plaintiff incorporates by reference paragraphs 1-46 of his Complaint as if fully set forth herein.

48. Plaintiff is a member of a protected class as a Korean-American. Para. 9.

49. Plaintiff was qualified for the position. Para. 9-10.

50. Plaintiff suffered an adverse employment action of termination. Para. 45.

51. Defendant's treatment of Plaintiff as compared with other part-time retirees and other mechanics of similar or lesser skill and experience gives rise to an inference that Plaintiff's national origin was a motivating factor for the adverse employment action. Paras. 11-13; 15; 18; 34-35.

52. Bailey's actions upon becoming Plaintiff's supervisor, including but not limited to: providing job tasks generally considered beneath Plaintiff's position description, Bailey's report to the police, Bailey's unreasonably high estimate of the discarded material's value, and the recommendation that Plaintiff be arrested also give rise to an inference that Plaintiff's national origin was a motivating factor for the adverse employment action. Paras 14-46.

53. Considering Plaintiff's career with Defendant and Defendant's role in Plaintiff's arrest, the reason for termination is pretext.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the Title VII, to exceed $25,000; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 4th of April, 2018.

                   s/Christopher D. Vaughn
                 Christopher D. Vaughn
                 D.C. Bar No. 987201
                 Kirby G. Smith (Pro Hac Pending)
                 Georgia Bar No. 250119
                 Alexander Kelly (Pro Hac Pending)
                 North Carolina Bar No. 49308

THE VAUGHN LAW FIRM, LLC
315 W. Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
T: (404) 378-1290
F: (404) 378-1295
cvaughn@thevaughnlawfirm.com

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
ack@kirbygsmith.com

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 4th of April, 2018.

    s/Christopher D. Vaughn
Christopher D. Vaughn
D.C. Bar No. 987201
Kirby G. Smith (Pro Hac Pending)
Georgia Bar No. 250119
Alexander Kelly (Pro Hac Pending)
North Carolina Bar No. 49308

THE VAUGHN LAW FIRM, LLC
315 W. Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
T: (404) 378-1290
F: (404) 378-1295
cvaughn@thevaughnlawfirm.com

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
ack@kirbygsmith.com